IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:25-cv-164

| | |
|---|---|
| OTIS RORIE, | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) **(Jury Trial Demanded)** |
| v. | ) |
| CASE FARMS PROCESSING, INC. | ) |
| | ) |
| Defendant. | ) |

Plaintiff files this Complaint alleging race discrimination and retaliation against his primary employer, Case Farms Processing, Inc. Defendant's actions violate 43 U.S.C. § 1981 ("§ 1981"), the Civil Rights Act of 1866.

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under 42 U.S.C. § 1981.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding to enforce rights and remedies secured under § 1981. Jurisdiction is also conferred upon this Court by 42 U.S.C. § 2000(3), et seq. and 28 U.S.C. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of Defendant complained of herein which violated rights secured to the Plaintiff by § 1981.

## II. PARTIES

4. Plaintiff Otis Rorie is an African American citizen who resides in Morganton, Burke County, North Carolina.

5. Case Farms Processing, Inc. is an employer within the meaning of Title VII which processes agricultural products for retail sale.

## III. FACTS

6. Plaintiff began his employment with Defendant in November 2019 to work in a stack-off position.

7. Plaintiff performed his work in a satisfactory manner.

8. Beginning in October 2020 and continuing through the end of his employment, Plaintiff was subjected to unwanted and unwelcomed comments and actions based on his race. Plaintiff and other African Americans were subjected to ongoing racially derogatory remarks by co-workers and managers.

9. On or about December 1, 2020, upon his return from a two-day vacation, Plaintiff was reassigned to a line position which was more difficult than the job he had been on. When Plaintiff confronted his Hispanic manager about the reason for his transfer, the manager told him that he wanted the department to be comprised with Hispanic workers only and that "you are not wanted there."

10. Plaintiff reported the transfer and the comments that his Hispanic supervisor made to the plant manager. The plant manager agreed that reassigning his position to a Hispanic worker was wrong but he did nothing about it.

11. The reassignment to the line position was a demotion and is generally a position that requires two persons to operate it. The Plaintiff was required to perform the job alone.

12. In January 2021, Plaintiff was subjected to retaliation and being falsely accused of leaving his position which resulted in disciplinary action. Plaintiff continued to be subjected to unwelcome comments on a regular basis. Plaintiff's complaints about the treatment went unaddressed.

13. The majority of the workers and supervisors at the facility where Plaintiff worked were of Hispanic origin.

14. In January 2021, Plaintiff was subjected to disciplinary action for allegedly not being ready to work. Plaintiff has observed many Hispanic workers come to work late and not begin work when they were required to do so. To Plaintiff's knowledge, no action had been taken against them.

15. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging race discrimination and retaliation on or about March 1, 2021. Plaintiff alleged that the behavior was of a continuing nature.

16. After Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission, Plaintiff continued to complain to management about the mistreatment that he was experiencing. Nothing was done to abate the problem.

17. Plaintiff was terminated on or about June 8, 2021, allegedly for aggressive behavior. Plaintiff denies that he engaged in progressive behavior. Further, Plaintiff is aware of numerous instances where Hispanic employees have violated the Employee Handbook Policies and have not been disciplined or terminated.

## IV. FIRST CAUSE OF ACTION: RACE DISCRIMINATION

18. Plaintiff realleges and incorporates herein paragraphs 1 – 17 above.

3

Case 1:25-cv-00164-MR-WCM     Document 1     Filed 06/05/25     Page 3 of 6

19. Plaintiff was subjected to a hostile work environment when he was called racist names including the "N" word by Hispanic workers. Their behavior and ridicule continued even after Plaintiff brought it to the attention of management. Further, Plaintiff's supervisor advised him that he was not wanted in his department because he wanted the department to be only Hispanic. As a result of this direct comment, Plaintiff notified management but no action was taken.

20. As a result of the animus held against him, Plaintiff alleges that his continued harassment constitutes a hostile work environment.

21. The work environment to which the Plaintiff was subjected was both objectively and subjectively offensive. Plaintiff's work was affected in that he was demoted to a lower, more arduous position and was replaced by a Hispanic worker to fulfill his supervisor's goal of having only Hispanic workers than the position Plaintiff previously occupied.

22. Defendant's actions violate § 1981 of the Civil Rights Act of 1866.

23. As a result of Defendant's actions, Plaintiff suffered emotional distress.

## V. SECOND CAUSE OF ACTION: RACE DISCRIMINATION

24. Plaintiff realleges paragraphs 1 – 23 above.

25. Defendant terminated Plaintiff's employment on June 8, 2021. Plaintiff is aware of Hispanic employees who have violated Defendant's Code of Conduct but who have not been terminated. Further, Plaintiff's termination was motivated by his race as his Hispanic manager had openly expressed disinterest and dislike for African American employees.

26. Defendant's actions violate § 1981 of the Civil Rights Act.

4

27. Defendant's actions have caused Plaintiff economic loss and emotional distress.

## VI. THIRD CAUSE OF ACTION: RETALIATION

28. Plaintiff realleges paragraphs 1 – 27 above.

29. Defendant's actions in terminating Plaintiff were in retaliation for Plaintiff's internal complaints of discrimination and Plaintiff's of the charge of discrimination with the Equal Employment Opportunity Commission on or about March 1, 2021. The mistreatment of Plaintiff based on his race continued after Plaintiff filed his charge of discrimination. Management was aware of the mistreatment but took no action to correct the behavior. Further, to Plaintiff's knowledge, no investigation of any type was undertaken once Plaintiff made complaints to management.

30. As a result of Plaintiff engaging in the protected activity, Plaintiff was terminated from his position.

31. Defendant's actions violate § 1981 of the Civil Rights Act of 1866.

32. Plaintiff suffered economic loss and emotional distress as a result of the actions of Defendant.

## PRAYER FOR RELIEF

33. Wherefore, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

    (1)    Declare the actions complained of herein to be illegal;

    (2)    Issue an injunction enjoining defendant, its agents, its employees,

successors, attorneys and those acting in concert or participation with defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of 42 U.S.C., § 1981;

(3)     Award Plaintiff compensatory damages, including damages for mental anguish and stress, and harm to Plaintiff's career opportunities;

(4)     Award Plaintiff backpay and all other economic damages to provide make whole relief;

(5)     Award Plaintiff punitive damages;

(6)     Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses;

(7)     Grant such other and further relief as may be just and necessary to afford complete relief to plaintiff.

This 5th day of June, 2025.

*/s/ Geraldine Sumter*
GERALDINE SUMTER
S.C. Bar No. 5439
Ferguson Chambers & Sumter, PA
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone:     (704) 375-8461
Facsimile:      (980) 938-4867
E-Mail:          gsumter@fergusonsumter.com

*Attorney for Plaintiff*

6

Case 1:25-cv-00164-MR-WCM     Document 1     Filed 06/05/25     Page 6 of 6